IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LIESL REEVES,<br><br>　　　　Plaintiff,<br>v.<br><br>SONIC HEALTHCARE USA, INC.<br><br>　　　　Defendant. | §<br>§<br>§<br>§　C.A. No.: 18-772<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LIESL REEVES, by and through her undersigned counsel, hereby brings this action against the Defendant, SONIC HEALTHCARE USA, INC. ("SHUSA"), and in support thereof alleges as follows:

### INTRODUCTION

1. Ms. Reeves brings this action alleging Defendant SHUSA retaliated against her by terminating her in violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h), after Ms. Reeves, in writing, opposed and took efforts to stop Defendant's scheme to defraud Medicare. Specifically, Defendant SHUSA planned to knowingly remove the "For Research Use Only" disclaimer on lab reports in order to submit claims to Medicare for tests that Medicare does not allow. Dana Simonds, Chief Compliance Officer, angrily demanded that Ms. Reeves revoke her opposition to this scheme because it would cost the company millions of dollars. Ms. Reeves refused. Less than one month later, Defendant SHUSA terminated Ms. Reeves. Ms. Reeves seeks damages for double back pay, special damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION

2. This court has jurisdiction over this action under the False Claims Act ("FCA") causes of action pursuant to 28 U.S.C. §1331 and 1345.

## VENUE

3. Venue is proper in this district because Defendant can be found, resides, and/or transacts business in this judicial district, and/or the acts proscribed by 31 U.S.C. § 3730(h) have been committed by the Defendant in this judicial district. Therefore, venue is proper within the meaning of 28 U.S.C. § 1391(b) and (c), and 31 U.S.C. § 3732(a).

## THE PARTIES

4. Ms. Reeves is an individual who resided in Travis County, Texas during the relevant time period concerning the events herein. Ms. Reeves worked for Defendant or Defendant's subsidiary as Compliance Director from November 8, 2016 until Defendant terminated her employment on February 20, 2018.

5. Defendant SONIC HEALTHCARE USA, INC. is a corporation formed and existing under the laws of the state of Delaware, with its headquarters in Austin, Texas. Defendant can be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. The events at issue occurred at Defendant SHUSA's headquarters. Defendant's primary business is primarily providing laboratory services.

## STATEMENT OF FACTS

6. Ms. Reeves began working for Defendant SHUSA in November 2016 as the Compliance Director at Defendant's subsidiary, Clinical Pathology Laboratories, Inc. Ms. Reeves transferred to Defendant's corporate headquarters on August 7, 2017.

7. Ms. Reeves was a productive employee with no disciplinary history. She was frequently commended on her performance and laboratory compliance expertise, including her drafting of Defendant's 100+ page compliance manual.

8. In December 2017, Ms. Reeves earned a $12,500 bonus. Ms. Reeves' supervisor, Dana Simonds, Chief Compliance Officer, advocated for this merit-based bonus.

9. On January 25, 2018, Ms. Reeves emailed Simonds and Jerry Hussong, Chief Medical Director, regarding Defendant SHUSA's recent decision to remove the "For Research Use Only" ("RUO") disclaimer from lab reports for tests that use re-agents that lack FDA approval. Defendant planned to remove those disclaimers in order to submit claims to the Center for Medicare and Medicaid Services ("Medicare") for those services. Ms. Reeves stated it would be unlawful for Defendant SHUSHA to discontinue using the disclaimer because Medicare does not allow billing for RUOs. Ms. Reeves cited to specific laws that Defendant would be violating in her email. Indeed, this billing would violate the False Claims Act, 31 U.S.C. §3729.

10. Immediately after receiving Ms. Reeves' email, Simonds angrily confronted Ms. Reeves, yelling at her that she should not have sent the email and that she needed to revoke her statements. Simonds claimed that she herself had already cleared the company's decision to remove the RUO disclaimers and that Ms. Reeves' email would cost the company millions of dollars because the claims were ready to be submitted.

11. Less than two hours after her email, Ms. Reeves forwarded her email to Steve Shumpert, CEO, and wrote that she "got in trouble for reviewing."

12. After receiving Ms. Reeves' email, Simonds treated Ms. Reeves differently. For example, Simonds stopped attending her bi-weekly one-on-one meetings with Ms. Reeves.

13. Soon after Ms. Reeves' email, Hussong told Ms. Reeves that Defendant SHUSA decided to not remove the RUO disclaimers for claims that were currently on hold. Hussong stated that this was being done so SHUSHA would not be submitting "a whole bunch" of modified claims to the government all at once. Hussong indicated that SHUSHA would still be submitting claims without the RUO disclaimers for claims that were not on hold. Ms. Reeves responded by stating that Hussong and Defendant SHUSA appeared to be "hiding" its fraudulent scheme from the federal government. Hussong then changed his behavior towards Ms. Reeves and stopped talking to her.

14. On February 16, 2018, Jennifer James, Vice President of Human Resources, informed Ms. Reeves that she would be moved to an office without a window and could be placed in a cubicle. Ms. Reeves believed this was in retaliation for her reports of unlawful activity.

15. On February 20, 2018, Defendant SHUSA shut off Ms. Reeves' email access.

16. A few hours later, Simonds and James called Ms. Reeves into a meeting. Ms. Reeves asked if Defendant SHUSHA had any problem with her work. Simonds and James confirmed that Ms. Reeves did good work and was well qualified.

17. James stated that they did not think that Ms. Reeves was "the right fit for our culture now" and terminated Ms. Reeves. Simonds and James then handed Ms. Reeves a severance offer.

## **VIOLATION OF THE FALSE CLAIMS ACT'S**

## **ANTI-RETALIATION PROVISION, 31 U.S.C. 3730(h)**

18. The allegations of paragraphs 1-18 are re-alleged if as fully set out herein.

19. Defendant violated the False Claims Act, 31 U.S.C. 3730(h), by terminating Ms. Reeves' employment due to her opposition to and efforts to stop Defendant's scheme to defraud the federal government.

20. Defendant's termination of Ms. Reeves constitutes an act of discrimination against Ms. Reeves in the terms and conditions of her employment. Ms. Reeves' opposition to and efforts to end Defendant's potential violations of the False Claims Act constituted lawful acts in furtherance of an action under 31 U.S.C. § 3730 and/or efforts to stop one or more violations of 31 U.S.C. § 3730.

21. Thus, Defendant's actions amounted to discrimination in the terms and conditions of Ms. Reeves' employment because of Ms. Reeves' lawful actions in furtherance of, and/or efforts to stop one or more violations of, 31 U.S.C. § 3730.

22. Ms. Reeves has been damaged as a result of these illegal actions. She has suffered substantial economic harm, loss of income, benefits, and future earnings, and emotional injury.

23. As a result of Defendant's violations of 31 U.S.C. 3730(h), Ms. Reeves is entitled to compensatory and actual damages, double back-pay with damages, interest, and special damages including emotional distress damages, litigation costs and reasonable attorneys' fees.

WHEREFORE, PREMISES CONSIDERED, Ms. Reeves demands Judgment against Defendant for the following:

   a. Double back pay;

   b. Interest on the back pay;

   c. Special damages, including emotional distress damages;

   d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out of pocket expenses incurred by bringing this action; and

   e. For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Ms. Reeves demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**
1104 San Antonio St.
Austin, Texas 78701
Ph: 512-474-7677
Fax: 512-474-5306

**DAN B. ROSS**
Texas Bar No. 00789810
dan@rosslawgroup.com
**BRETT C. BEELER**
Texas Bar No. 24097357
brett@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**
